IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:23-cv-80288

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

ORNELAS-SMITH CONSTRUCTION INC. d/b/a
HARDSCAPE CONTRACTORS OF PALM
BEACH,

    Defendant.

_____

## COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendant Ornelas-Smith Construction Inc. d/b/a Hardscape Contractors of Palm Beach ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 1917 Herder Pkwy, Lantana, FL 33462. Defendant's agent for service of process is Sandra E Smith, 1917 Herder Pkwy, Lantana, FL 33462.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with the State of Florida such that the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

7. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

8. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

9. Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients.  He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

10. Plaintiff maintains a commercial website ([www.robertstevens.com](www.robertstevens.com)) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

12. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof.  Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

**II.     The Work at Issue in this Lawsuit**

13. In 2022, Plaintiff created a photograph titled "CountrySide Estates Park AAP 2022" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left

3
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065

corner) Plaintiff's copyright management information as follows: "© AAP 2022 all rights reserved." A copy of the Work is exhibited below:



14. The Work was registered by Plaintiff with the Register of Copyrights on October 4, 2022 and was assigned Registration No. VA 2-324-950. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

15. Plaintiff is the owner of the Work and has remained the owner at all time's material hereto.

III. **Defendant's Unlawful Activities**

16. Defendant owns and operates a construction/contractor business that provides residential and commercial hardscapes, landscape lighting, water features, and several other types of work in the Palm Beach County area.

17. Defendant generates leads/new business for its services through a lead generating platform/website (https://wpbhardscapes.com/) that is owned and/or controlled by Defendant and its principals.

18. Defendant advertises/markets its business primarily through its website (https://wpbhardscapes.com/) and other forms of advertising.

19. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its website (at https://wpbhardscapes.com/residential-hardscapes/; https://wpbhardscapes.com/lake-worth-hardscapes/ ; https://wpbhardscapes.com/pavers/):







20.     A true and correct copy of screenshots of Defendant's website, displaying the

copyrighted Work, is attached hereto as **Exhibit "B."**

21.     Defendant is not and has never been licensed to use or display the Work.  Defendant

never contacted Plaintiff to seek permission to use the Work in connection with its website or for

any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright

management information and put Defendant on notice that the Work was not intended for public

use.

22. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

23. Upon information and belief, Defendant located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for use in marketing its own services.

24. Through its ongoing diligent efforts to identify unauthorized use of its photograph, Plaintiff discovered Defendant's unauthorized use/display of the Work in April 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its work.

25. Notably, Plaintiff's notification of the subject infringement was sent via Federal Express to Defendant's address on file with Florida's Secretary of State:

**VIA FEDERAL EXPRESS:**

Ornelas-Smith Construction Inc.
Attn: Virginia Ornelas
1917 Herder Pkwy
Lantana, FL 33462

Ornelas-Smith Construction Inc.
Attn: Sandra E Smith
1917 Herder Pkwy
Lantana, FL 33462

26. Plaintiff (through counsel) did not fill out a contact form on the subject website or otherwise send the infringement notice to *anyone* other than Defendant itself.

27. Almost immediately after Defendant received the infringement notice, the Work was removed from the subject website and all references to Defendant were removed therefrom.

28. Notwithstanding this, when contacted by Plaintiff (through counsel), Defendant denied having any connection to, ownership of, or control of the subject website. Even when it was pointed out to Defendant that nobody other than Defendant was notified of the infringement,

Defendant continued to maintain the lie that it does not control the subject website and refused to take responsibility for its actions.

29. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29 as set forth above.

31. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

32. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

33. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

34. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

35. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for Defendant's own commercial purposes.

36. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

37. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

38. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

39. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

40. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees because of Defendant's conduct.

41. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights

or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 24, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
     Daniel DeSouza, Esq.
     Florida Bar No.: 19291
     James D'Loughy, Esq.
     Florida Bar No.: 0052700
     Lauren Hausman, Esq.
     Florida Bar No.: 1035947

10
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228